124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lawrence BLEDSOE, Plaintiff-Appellant,
v.
COUNTY OF COOK, et al., Defendants-Appellees.
 No. 96-2429.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997*
Decided June 30, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 95-C-3676; Brian Barnett Duff, Judge.
 Before Posner, Cummings, and Bauer, Circuit Judge.
 
 ORDER
 
 1
 Lawrence Bledsoe appeals the district court's denial of his Motion for Relief from Order of Dismissal filed pursuant to Federal Rule of Civil Procedure 60(b). We affirm.
 
 
 2
 Bledsoe filed a 42 U.S.C. § 1983 action against Cook County, the Cook County State's Attorney and two of his assistants, as well as a judge of the Circuit Court of Cook County for alleged constitutional violations arising out of criminal proceedings brought against him. The defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which the district court granted. Bledsoe moved for Relief from Order of Dismissal pursuant to Federal Rule of Civil Procedure 60(b), arguing that the dismissal of his complaint was "void." See Fed.R.Civ.P. 60(b)(4). The district court denied this motion, and Bledsoe appealed this denial and "all other appealable issues in the record of this case." After construing the Status Report filed by Bledsoe as a voluntary dismissal of his appeal of the underlying judgment, we dismissed the appeal "as to the merits judgment of [the Rule 12(b)(6) dismissal]" and stated that it would "proceed as to the [Rule 60(b) denial] order only." Bledsoe v. County of Cook, No. 96-2429 (7th Cir. September 11, 1996).
 
 
 3
 Bledsoe argues on appeal that the district court's dismissal of his complaint was "void" under Rule 60(b) because he had alleged facts in this amended complaint that would sufficiently impose liability upon the Cook County State's Attorney for the conduct of his assistants. However, our consideration of this issue is foreclosed by this court's September 11, 1996 order, as it would go to the merits of the district court's Rule 12(b)(6) dismissal.[1]
 
 
 4
 In any event, Bledsoe cannot prevail because a judgment is "void" only " 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, ... acted in a manner inconsistent with due process of law .... or entered a decree 'not within the powers granted to it by the law.' " United States v. Indoor Cultivation Equipment From High Tech Indoor Garden Supply, 55 F.3d 1311, 1316 (7th Cir.1995) (citations omitted). A judgment is not void simply because it is erroneous. Simer v. Rios, 661 F.2d 655, 663 (7th Cir.1981). Although Bledsoe employs the phrases "ursurp[ation of] power" and a denial of "fundamental due process" to characterize the district court's dismissal of his complaint, he offers nothing to substantiate these claims and his one paragraph argument is no more than a contention that the district court committed an error in judgment.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Bledsoe's motion also argued that the Rule 12(b)(6) dismissal was "void" because the district court failed to set forth reasons to support its order (presumably an argument that the district judge violated Circuit Rule 50). While Bledsoe mentions the district court's omission in his appellate brief, he does not repeat that the dismissal was "void" for this reason. Even if he had so argued, this court's September 11, 1996 order would foreclose consideration of this issue because it would only go to the merits of the Rule 12(b)(6) dismissal